WILLIAM H. BROOKS, Respondent, *against* WILLIAM M. BAKER, Appellant.

(Decided December 6th, 1880.)

A guaranty of the payment of rent under a lease, given during the term created by the lease and at a time when rent which has become due is in arrear, by which the guarantor "agrees to become security for an agreement of lease, . . . . whereby should any default be made in the payment of said rent" the guarantor binds himself, his heirs, &c., "to pay any deficiency which may be due," is a guaranty for the payment of any rent that may thereafter become due and payable under the lease, and not for the payment of rent already due.

APPEAL from a judgment of this court entered on the verdict of a jury.

Brooks v. Baker.

The action was brought upon a guaranty of the payment of rent under a lease. One Myers, the assignor of the plaintiff, in March, 1877, let to one Middleton, certain premises in the city of New York for a term of thirteen months, commencing April 1, 1877, the rent to be payable monthly in advance. Middleton paid the rent up to July 1, 1877, but nothing afterwards. In October, the rent from July 1, being then in arrear, the landlord requested security, which the tenant agreed to give, and thereupon the defendant executed the guaranty upon which this action was brought, in which the plaintiff recovered judgment for the whole amount of the rent unpaid, from July 1, 1877. From the judgment the defendant appealed.

*Samuel Greenbaum*, for appellant.

*William C. Carpenter*, for respondent.

CHARLES P. DALY, Chief Justice.—There is a material distinction between *Van Rensselaer* v. *Miller* (Hill and D. Supp. 237), and the present case. In that case, the agreement and the guaranty were executed contemporaneously. The guaranty was a covenant that the contractor would well and faithfully fulfill his engagement, and that, in case of his default, the guarantor would pay the several sums of money specified in the agreement, at the time and in the manner therein mentioned. By the agreement an installment of $65 was to be paid at the time of the execution of the instrument. It was of course not payable until the agreement and guaranty were executed, which, as I have said, were executed contemporaneously, and, as it was not paid, it was, undoubtedly, as the court held, included in the guaranty, there being no exception of any of the payments, and the guarantor being liable for the whole of them.

In the present case, however, the lease was executed on the 21st of March, 1877, but the guaranty was not given until more than six months afterwards; that is, on October 9, 1877, when there was already rent due under the lease. The

guaranty, in my opinion, cannot be construed as agreeing to become security for the payment of rent already due under the lease, unless it is clear, by the language used, that that was the engagement of the guarantor. By the language of the instrument, the defendant " thereby agrees to become security for an agreement of lease  .  .  .  whereby *should* any default be made in the payment of said rent," the defendant binds himself, his heirs, &c., " to pay any deficiency which may be due." I think the fair construction of it is, that it was a guaranty for the payment of any rent that might thereafter become due and payable under the lease, and not for the payment of rent that was already due; that it was not an agreement to become security for the payment of an existing indebtedness, but for an indebtedness that might arise after the execution of the guaranty (De Golyer on Guarantees, 213; *Halls* v. *Smith*, 12 Me. 249; *Arlington* v. *Merrick*, 2 Saund. 412). A guarantor is always bound to the full extent of the terms of his agreement, which will be construed in favor of the guarantee, as far as the reasonable import of the language employed will allow. The manifest intention of the parties is, as in every contract, the rule for the interpretation of the guaranty, which will not be construed, so as to embrace anything not fairly within the scope and meaning of the terms of the agreement (Fell on Guarantees, chap. V.; Story on Contracts, § 866; and the cases cited in both). Ordinary mercantile guaranties,—such as a guaranty to be answerable if the party to whom the goods are supplied from time to time, by a merchant, upon credit, fails to pay for them,—are liberally construed, in respect to what the merchant does, upon such a guaranty, especially when he has understood it to be and acted upon it, as a continuing guaranty (*Lawrence* v. *McCalmont*, 2 How. [U. S.] 449). But a guaranty for the payment by the tenant, of the rent under a lease, should be more strictly construed, for, to such an undertaking, the language of BAILEY, J., in *Nicholson* v. *Paget* (3 Tyrwh. 167), though employed in the case of a mercantile guaranty, is applicable; "that it is not a contract which a party is entering into, for the payment of his own debt, or in his own behalf, but it is a contract

Brooks *v.* Baker.

which he is entering into for a third person; and it is the duty of the party who takes such a security to see that it is couched in such words, as that the party so giving it, may distinctly understand to what extent he is binding himself." In the present case, the guaranty for the payment of the rent was taken more than six months after the premises had been leased to the tenant who was then in arrear for several months' rent; and if the landlord desired to have security, not only for the rent to become due thereafter, but for that also which was then due and unpaid, he should have required the defendant to guarantee in words that were plain and unmistakable, that he would be answerable for the payment of the rent which was then due, and for the rent that might become due thereafter; and if is not for him to complain if the language of the instrument which he took for his security, six months after the tenant had been in occupation of the premises, is not explicit as to whether the instrument does or does not cover the rent that was then due under the lease. The language of the instrument denotes an undertaking or obligation to arise in the future; the words are that he is to be bound, *should* any default be made in the payment of the rent, which, as I construe the words, means a default in the payment of rent thereafter to become due; and not a default in the payment of rent already made. It appears by the testimony of Myers, the assignor of the plaintiff, that he told the defendant that the tenant was so much back in his rent, that he would have to dispossess him if he did not either get the money or have some security, and that he asked him if he would go security, in accordance with a conversation he had with the tenant, in which the tenant offered the defendant a security; and that then he, Myers, sat down and drew the guaranty, which the defendant signed. Though susceptible of such a construction, this testimony does not conclusively show that the security referred to was for the payment of the rent then due as well as for that which might become due thereafter; and for all that appears in it, the intention of the defendant may simply have been to be answerable for the payment of the rent in the future, and not for the rent that was already due; and to construe the words, "should there be

any default," as embracing the rent due, because there was a continuing default, if the rent then due was not paid on the day after the execution of the guaranty, is, in my opinion, getting more into the instrument than the fair scope and meaning of the words will warrant.

VAN HOESEN, J.—The question is, did the guaranty bind the defendant to pay all the rent due under the lease, or only the rent which accrued after the guaranty was signed? It provides that the surety shall pay any deficiency that may be due. What deficiency, and at what time? The deficiency existing at the time of default in the payment of rent. The guaranty was signed on the ninth of October, and the next rent that accrued fell due on the first of November; for, the rent was payable monthly in advance. The first default that could occur after the signing, was on the first of November; and thereafter, during the life of the lease, there could be a default every month. Were these defaults that could occur in future the only ones in the minds of the parties, or did they also have in view the defaults which had occurred before Baker became guarantor? If they were bargaining with reference to the defaults that had occurred, why did they speak of the default as an event which might or might not take place in the future? If the old defaults made him liable, why make his liability depend upon the occurrence of a future default? He was either liable for all the rent in arrears, the moment the guaranty was signed, or else he was only liable on the happening of a default thereafter; and the language employed was singularly inapposite, if the understanding was that he should be liable for the back-rent, whether the rent for the ensuing month were paid or not. I agree with Chief Justice DALY that the guaranty applied only to rent falling due thereafter.

There seems to be nothing in the points respecting the want of consideration, and the want of demand and notice.

There was an error committed in requiring the defendant to read the whole of the plaintiff's examination before trial, if any part of it were read. I understand that the rule laid down by the superior court in *Gellatly* v. *Lowery* (6 Bosw. 113), has

been generally accepted by the courts, and for the sake of keeping the practice of the courts uniform, I think it should be followed by us in this case. The rule there enounced was, that a party could read any part of a deposition that suited him, and leave the remainder, or any other part of it, to be read by his adversary, if the latter thought it should be put in evidence. Judge WOODRUFF said that the examination of a party should be treated in the same way as the deposition of any other witness.

The judgment should be reversed, and a new trial ordered, with costs to abide the event.

VAN BRUNT, J., dissented.

Judgment reversed and new trial ordered, with costs to abide event.